\06_A\LIAB\RJMICHAUD\LLPG\1033677\PLPANDOLA\03219\00105
03219-00105-RJM
**MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN**
BY: Raymond J. Michaud, Esquire
Woodland Falls Corporate Park
200 Lake Drive East, Suite 300
Cherry Hill, NJ 08002
856-414-6000
Attorney for Third Party Defendant(s), Kaplan Gaunt DeSantis

| | |
|---|---|
| CAROLYN SCHWEBEL, CARMENA STONEY, ADVOCATES FOR DISABLED AMERICANS (AFDA)<br><br>Plaintiff(s),<br><br>vs.<br><br>BROOKDALE COMMUNITY COLLEGE<br><br>Defendant/Third Party Plaintiff<br><br>vs.<br><br>KAPLAN-GAUNT-DESANTIS, ROTHE-JOHNSON ASSOCIATES, ROTHE-JOHNSON FANTACONE, THE HILLIER GROUP, YAFFE, PRESCOTT and SHORR DEPALMA<br><br>Third Party Defendants | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY<br><br>DOCKET NO.: 05-3985 (SRC)<br><br><u>CIVIL ACTION</u><br><br>**ANSWER TO THIRD PARTY COMPLAINT** |

The Third Party Defendant, Kaplan Gaunt DeSantis, doing business at 241 Maple Avenue, Red Bank, New Jersey, 07701, by way of Answer to the Defendant/Third Party Plaintiff's Complaint, says:

## <u>JURISDICTION</u>

1. The averments of this paragraph set forth a legal conclusion to which no response is required. To the extent said paragraph sets forth any allegations of fact, said allegations are denied.

## PARTIES

2. The averments of this paragraph are neither admitted nor denied. The answering third party third party defendant lacks sufficient information from which to form a belief and the third party plaintiff is left to its proofs.

3. The averments of this paragraph are neither admitted nor denied. The answering third party defendant lacks sufficient information from which to form a belief and the third party plaintiff is left to its proofs.

4. The averments of this paragraph are neither admitted nor denied. The answering third party defendant lacks sufficient information from which to form a belief and the third party plaintiff is left to its proofs.

5. The averments of this paragraph are neither admitted nor denied. The answering third party defendant lacks sufficient information from which to form a belief and the third party plaintiff is left to its proofs.

## FIRST COUNT

6. This allegation is not directed towards answering third party defendant and therefore no response is required thereto. To the extent that any of the allegations contained in the paragraph are directed towards answering third party defendant, said allegations are denied.

7. The allegations of this paragraph set forth a legal conclusion to which no response is required. To the extent said paragraph sets forth any allegations of fact, said allegations are denied.

8. The allegations of this paragraph set forth a legal conclusion to which no response is required. To the extent said paragraph sets forth any allegations of fact, said allegations are denied.

9. The allegations of this paragraph set forth a legal conclusion to which no response is required. To the extent said paragraph sets forth any allegations of fact, said allegations are denied.

**WHEREFORE**, answering third party defendant denies liability to the third party plaintiff in any sum whatsoever.

## SECOND COUNT

10. Answering third party defendant's responses to the previous counts of third party plaintiff's complaint are incorporated herein and made a part hereof as if set forth at length.

11. The document referred to in this paragraph is a writing which speaks for itself and any incorrect characterizations thereof are denied. To the extent this paragraph sets forth any allegations of fact, said allegations are denied.

12. Denied as to answering third party defendant.

**WHEREFORE**, answering third party defendant denies liability to the third party plaintiff in any sum whatsoever.

## SEPARATE DEFENSES

1. Third-Party Plaintiff's Complaint fails to state a cause of action upon which relief may be granted.

2. The damages, if any, were caused by parties over whom third party defendant exercised no authority and/or control.

3. Third-Party Defendants neither owed nor violated any duty of care to the plaintiff or any other party.

4. Third-Party Defendants' conduct was not negligent.

5. This action is barred by the appropriate Statute of Limitations.

6.   This action is barred by laches, estoppel and waiver.

7.   Third-Party Plaintiff's claims are subject to dismissal or relative apportionment, based upon the Doctrine of Comparative Negligence.

8.   This action is barred under the Entire Controversy Doctrine.

9.   This action is barred under relative provisions of the New Jersey Tort Claims Act.

10.   The Court is without jurisdiction over the third-party defendant.

### CROSSCLAIM FOR CONTRIBUTION

Third party defendant demands contribution from the co-defendants and any other defendants hereinafter named under the terms of the New Jersey Joint Tortfeasor Contribution Act, N.J.S.A. 2A:53A-1 et seq., the New Jersey Comparative Negligence Act, N.J.S.A. 2A:15-5.1 et seq and the New Jersey Tort Claims Act, N.J.S.A. 59:8-1 et seq.

### CROSSCLAIM FOR INDEMNITY

Third party defendant demands indemnity from the co-defendants and any other defendants hereinafter named, both contractually and at common law.

### ANSWER TO CROSSCLAIMS

Answering third party defendant hereby denies all allegations contained in all crossclaims files against it herein or at a later date.

### REPLY TO CO-DEFENDANTS' CROSSCLAIMS FOR CONTRIBUTION AND INDEMNITY

Third-party defendant Kaplan Gaunt DeSantis hereby denies liability for any and all crossclaims for contribution and/or indemnity asserted by the co-defendants in this action.

### DEMAND FOR TRIAL BY JURY

**PLEASE TAKE NOTICE** that answering third party defendant hereby demands a trial by jury on all issues.

## DESIGNATION OF TRIAL COUNSEL

**PLEASE TAKE NOTICE** that pursuant to Rule 4:25-4, Raymond J. Michaud, Esquire is designated as trial counsel.

## REQUEST FOR ALLOCATION PURSUANT TO RULE 4:7-5(C)

If any defendant (s) settle(s) prior to verdict, this/these third party defendant (s) will seek an allocation by the fact finder of the percentage of negligence against the settling third party defendant (s).  This/these third party defendant(s) will seek this allocation, whether or not this/these third party defendants (s) have formally filed a Crossclaim against the settling defendant (s).  This/these third party defendant (s) will rely upon the direct examination and cross examination of plaintiff's expert witness, and any and all other witness at the time of trial in support of this allocation and specifically reserve the right to call any and all such witnesses.  All parties are being apprised of this pursuant to Rule 4:7-5 (c) and Young v. Latta, 123 N.J. 584 (1991).

## DEMAND FOR STATEMENT OF DAMAGES CLAIMED

Pursuant to Rule 4:5-2 you are hereby requested to provide within five (5) days after service hereof, a Statement of Amount of Damages Claimed by you in each Count of the Complaint.

## REQUEST FOR COPIES OF PLEADINGS AND ANSWERED INTERROGATORIES

Pursuant to Rule 1:5-1(a) and 4:17-4(c) each party serving pleadings and interrogatories and receiving answers thereto is requested to serve upon the undersigned attorney copies of same.  This request is deemed to be continuing.

## DEMAND FOR AFFIDAVIT OF MERIT

Pursuant to N.J.S.A. 2A-53A-26, demand is hereby made for the required Affidavit of Merit as to each specific answering defendant within the mandatory period of time.  Please

further be advised that the answering third party defendant hereby reserves the right to dismiss based upon plaintiffs' failure to file the required Affidavit of Merit.

### DEMAND FOR COPIES OF DOCUMENTS REFERRED TO IN PLEADINGS

Pursuant to Rule 4:18-2 the undersigned attorney demands within five (5) days after service hereof a copy of any document or paper referred to in the Complaint.

### RESERVATION OF DEFENSES AND OBJECTIONS

Third party defendant hereby reserves the right to interpose such other defenses and objections as a continuing investigation may disclose.

### CERTIFICATION

Pursuant to Rule 4:5-1, I certify that to the best of my knowledge and belief the above action is not the subject of any other action pending in any court, or of a pending arbitration proceeding and none is contemplated; further that there are no other parties who should be joined in said action.

### CERTIFICATION

I hereby certify that a copy of the within pleading was served upon opposing counsel within the time prescribed by Rule 4:6-1, as extended by stipulation.

                                                MARSHALL, DENNEHEY, WARNER
                                                COLEMAN & GOGGIN

                                  By:  /s/ Raymond J. Michaud
                                       RAYMOND J. MICHAUD, ESQUIRE

DATED: September 11, 2007

03219-00105-RJM
**MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN**
BY:  Raymond J. Michaud, Esquire
Woodland Falls Corporate Park
200 Lake Drive East, Suite 300
Cherry Hill, NJ 08002
856-414-6000
Attorney for Third Party Defendant(s), Kaplan Gaunt DeSantis

| | |
|---|---|
| CAROLYN SCHWEBEL, CARMENA STONEY, ADVOCATES FOR DISABLED AMERICANS (AFDA)<br><br>    Plaintiff(s),<br><br>vs.<br><br>BROOKDALE COMMUNITY COLLEGE<br><br>    Defendant/Third Party Defendant<br><br>vs.<br><br>KAPLAN-GAUNT-DESANTIS, ROTHE-JOHNSON ASSOCIATES, ROTHE-JOHNSON FANTACONE, THE HILLIER GROUP, YAFFE, PRESCOTT and SHORR DEPALMA<br><br>    Third Party Defendants | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY<br><br>DOCKET NO.:  05-3985 (SRC)<br><br>**<u>CIVIL ACTION</u>**<br><br>**PROOF OF FILING** |

    The original of the within document has been filed with the Clerk of the Court via electronic filing:

**ANSWER TO THIRD PARTY COMPLAINT ON BEHALF OF THIRD PARTY DEFENDANT KAPLAN GAUNT DESANTIS**

                                          MARSHALL, DENNEHEY, WARNER,
                                          COLEMAN & GOGGIN

DATE:  September 11, 2007        By:  <u>/s/ Raymond J. Michaud</u>
                                                  RAYMOND J. MICHAUD, ESQUIRE
                                                  Attorney for Third Party Defendant,
                                                  Kaplan Gaunt DeSantis

*PROOF OF SERVICE*

On, September 11, 2007, I, the undersigned, served the within document:

**ANSWER TO THIRD PARTY COMPLAINT**

via *electronic filing and/or regular mail and/or fax transmittal*, to the following parties:

Linda A. Olsen, Esquire
Ronan, Tuzzio & Giannone
One Hovchild Plaza
Tinton Falls, NJ 07753
Attorney for Defendant/Third Party Plaintiff

Kevin J. O'Neill, Esquire
Albert Wesley McKee, Esquire
GOGICK, BYRNE & O'NEILL, LLP
80 Main Street, Ste. 140
West Orange, NJ 07052

Anthony J. Brady, Esquire
Anthony J. Brady, Jr., Esquire
Parkdale Building
519 Federal Street
P. O. Box 649
Room 202-08103
Camden, NJ 08101

and via **NEW JERSEY LAWYERS SERVICE** to:

Honorable Freda L. Wolfson, U.S.D.J.
U.S. DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY
Mitchell H. Cohen Federal Courthouse
1 John F. Gerry Plaza – Room 6020
Fourth & Cooper Streets
Camden, NJ 08101

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

/s/ Raymond J. Michaud
RAYMOND J. MICHAUD, ESQUIRE

Dated: September 11, 2007